**Order entered May 18, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-15-00074-CR

**RAYFORD HIGH, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the Criminal District Court No. 7
Dallas County, Texas
Trial Court Cause No. F12-57938-Y

## ORDER

By order entered March 26, 2015, the Court directed court reporter Catherine Vuchie to file, within thirty days a supplemental reporter's record of the October 23, 2014 hearing on appellant's amended motion to reconsider the motion to suppress. In the event no notes were available regarding the requested hearing, Vuchie was directed to file a letter stating that the requested supplemental reporter's record could be filed. To date, Vuchie has not complied with the Court's order.

Because the supplemental reporter's record has not been filed within the time allowed, the trial court is **ORDERED** to make findings of fact regarding whether appellant has been deprived of the supplemental reporter's record because of ineffective assistance of counsel, indigence, or for any other reason.

The trial court shall first determine whether appellant desires to prosecute the appeal. If the trial court determines that appellant does not desire to prosecute the appeal, it shall make a finding to that effect.

If the trial court determines that appellant desires to prosecute the appeal, it shall next determine whether appellant is indigent and entitled to proceed without payment of costs for the reporter's record. If appellant is entitled to proceed without payment of costs, the trial court shall make a finding to that effect. Moreover, if appellant is indigent, the trial court is **ORDERED** to take such measures as may be necessary to assure effective representation, which may include appointment of new counsel. If the trial court finds appellant is not indigent, it shall determine whether retained counsel has abandoned the appeal.

The trial court shall next determine: (1) whether appellant requested preparation of the reporter's record; (2) the date such request was made; and (3) whether appellant, if not indigent, paid or made arrangements to pay for preparation of the reporter's record. *See* TEX. R. APP. P. 35.3, 37.3.

The trial court shall next determine: (1) the name and address of the court reporter who recorded the October 23, 2014 hearing on appellant's amended motion to reconsider the motion to suppress; (2) whether the notes from the hearing are available; (3) if available, whether the notes can be transcribed; (4) the name and address of the court reporter who will transcribe the notes; (5) the court reporter's explanation for the delay in filing the reporter's record; and (6) the earliest date by which the reporter's record can be filed.

We **ORDER** the trial court to transmit to this Court a supplemental clerk's record, containing the written findings of fact, any recommendations, any supporting documentation, and any orders within **THIRTY DAYS** of the date of this order.

This appeal is **ABATED** to allow the trial court to comply with this order. The appeal shall be reinstated thirty days from the date of this order or when the supplemental record is received, whichever is earlier.

The Court will reset the due date for appellant's brief after this appeal is reinstated.


/s/    LANA MYERS
       JUSTICE